JUDGE KEENAN

Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

08 CV 7138

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o GARDEN RIDGE CORP.,

        Plaintiff,

- against -

M/V OOCL CHINA, her engines, boilers, tackle,
apparel, etc., *in rem*; ORIENT OVERSEAS
CONTAINER LINE, LTD., *in personam*,

        Defendants.
-----------------------------------------------------------------X

2008 Civ.

COMPLAINT

RECEIVED
AUG 11 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2. At all material times, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "INA" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 140 Broadway, 40th Floor, New York, New York 10005 and is the subrogated underwriter of a consignment of metal lanterns laden on board the M/V OOCL CHINA, as more fully described below.

3. At all material times, GARDEN RIDGE CORP. (hereinafter "Garden Ridge") was and is a business entity organized and existing by virtue of the laws of a foreign state with an office and place of business located at 19411 Atrium Place, Suite 170, Houston, Texas, 77084 and was the consignee, owner and/or assured of the consignment hereinbelow described.

4. At all material times, defendant, ORIENT OVERSEAS CONTAINER LINE, LTD. (hereinafter "OOCL") was and is a foreign corporation with an office and place of business located at 2633 Camino Ramon, Suite 400, San Ramon, California 94583 and owns, operates, manages and/or charters ocean-going vessels, including the M/V OOCL CHINA (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V OOCL CHINA, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

5. At all material times, the M/V OOCL CHINA was and is an oceangoing vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

7. On or about March 4, 2008, a consignment consisting of 545 cartons of metal lanterns laden into container number OOLU8314725, then being in good order and condition, was delivered to defendants OOCL and the M/V OOCL CHINA at the port of Shanghai, China for transportation to Dallas, Texas, U.S.A. via the port of Los Angeles, California, in

consideration of an agreed freight and pursuant to OOCL bill of lading number OOLU3029765290 dated March 4, 2008.

8.    Thereafter, the aforementioned consignment was loaded aboard the M/V OOCL CHINA, OOCL bill of lading number OOLU3029765290 was issued, and the vessel sailed for the intended port of destination.

9.    During the voyage, the OOCL CHINA collided with another vessel and the aforementioned container was lost overboard.

10.   The loss to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and breach of bailment on the part of the defendants.

11.   By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $21,046.08.

12.   At all times relevant hereto, a contract of insurance for property damage was in effect between Garden Ridge and INA, which provided coverage for, among other things, loss or damage to the consignment.

13.   Pursuant to the aforementioned contract of insurance between Garden Ridge and INA, monies have been expended on behalf of Garden Ridge to the detriment of INA due to the damages sustained during transit.

14.   As INA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, INA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendants.

15. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

**WHEREFORE**, Plaintiff prays:

1. In rem service of process be issued against the M/V OOCL CHINA, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the *in personam* defendants cannot be found within this District, then all their property within this District be attached in the amount of $21,046.08 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V OOCL CHINA, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

4. The Court order, adjudge and decree that defendants ORIENT OVERSEAS CONTAINER LINE and the M/V OOCL CHINA be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      August 11, 2008
      115-947

                                  CASEY & BARNETT, LLC
                                  Attorneys for Plaintiff

By: *Martin F. Casey*
        Martin F. Casey (MFC-1415)
        317 Madison Avenue, 21st Floor
        New York, New York 10017
        (212) 286-0225